## 11360

### STATE v. ASHEMORE

#### (120 S. E., 244)

1. HOMICIDE—EVIDENCE HELD TO SUPPORT CONVICTION OF AUTOMOBILIST FOR MANSLAUGHTER.—Where defendant, while operating his automobile, struck and killed another automobilist who had stopped on the highway to fix his tail light, evidence *held* to support a verdict of manslaughter.

2. CRIMINAL LAW—EXCEPTION TO EVIDENCE NOT SHOWN TO BE PREJUDICIAL OVERRULED.—An exception to the admission of evidence not shown to be prejudicial will be overruled.

Before JOHNSON, J., Spartanburg. Spring Term, 1923. Appeal dismissed.

George Ashemore indicted for murder and upon conviction of manslaughter appeals.

*Messrs. C. P. Sims* and *L. G. Southard* for appellant, *Mr. I. C. Blackwood, Solicitor,* for the State.

May 7, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

NOTE: On liability for striking one engaged about an automobile in a highway, see note in L. R. A. 1917B, 819.

The following statement appears in the record:

"Defendant-appellant was tried at the Spring Term of the sessions Court, in Spartanburg, on a charge of murder, before a jury, Hon. J. Henry Johnson, Judge, presiding. The defendant-appellant, in company with one Odom, was coming to Spartanburg, traveling on a hard surface road in a Ford, 1917 model. Time about 8 o'clock. It was on October 29, 1922.

"Rufus J. Thompson, the deceased, with some five other young men, were also coming to Spartanburg. Both parties were going to a circus. A little way just outside of the city limits Mr. Thompson stopped his car, got out, went to the rear of the car to fix his tail light so that it would burn. The light had not been fixed, and it was not burning at the time of the accident. Thompson parked his car on the side of the road, the front and rear right-hand wheels being about two feet off of the hard surface; Thompson, at the time of the accident, was at the rear end of his car, on the left-hand side. The diagram in the case will give the Court a fairly good idea of the relative situation of the cars, parties, and otherwise. Thompson's car was headed toward the City of Spartanburg; Ashemore's car was behind Thompson's car, and he was going toward the City of Spartanburg.

"Coming in the opposite direction and going in the direction of Inman, and below Thompson's car, somewhere about 200 or more yards, was the big car with great lights; it was the lights from this car which Ashmore says blinded him completely, rendering him utterly unable to see anything in front of him; and it was while he was thus blinded by the lights on the big car that the accident happened, resulting in Mr. Thompson's death. There was no tail light on Mr. Thompson's car burning at the time, and there was nothing to indicate to any one traveling that road at that time that there was a car in front of Ashmore.

"Mr. Ashmore is a man of middle life, of respectability and gentility; he did not know any of the parties; and no

one regrets more than he that this accident happened. He was indiscreet in this, however, he did not stop at the time of the accident; his reason for not stopping was that he was afraid to, out there on the road, where he saw a number of people in Thompson's car. He contended that he did not know that he had hit any one. The fact that he did not stop contributed, perhaps, as much or more toward his conviction than anything else."

Several witnesses testified, including the defendant, but their testimony does not materially change the said statement.

The following statement also appears in the record.

"After argument, the presiding Judge charged the jury. We have examined thoroughly the charge of his Honor, and we fail to find any error; it was absolutely fair and impartial, and no exception can be made to the charge; for that reason the charge is not printed.

"After deliberation, the jury convicted the defendant of manslaughter; thereafter motion was made for a new trial on the ground that the jury arbitrarily disregarded the evidence in reaching a verdict of manslaughter; whereupon his Honor overruled the motion, and sentenced the defendant to serve for a period of three years.

"Thereafter due notice was given, and the defendant does now appeal to this honorable Court upon the following grounds:

"Exception 1. In that there was no testimony that the defendant, George Ashemore, committed any wrongful act producing the death of Rufus Thompson, in Spartanburg County, S. C.

"Exception 2. In that his Honor erred, it is respectfully submitted, in allowing the introduction of testimony as to the condition of the defendant after the accident; the same not only tending to, but, as a fact, did prejudice the defendant's case before the jury.

"Exception 3. In that the jury arbitrarily convicted the defendant in utter disregard of the testimony, in that the

only testimony relevant and material showed that, if the defendant's car did kill Rufus Thompson, the same was due to an accident, absolutely unavoidable, in that the 'big car's' lights blinded the defendant, and he could not see the car of Rufus Thompson sitting down in the road in front of defendant, and could not see Thompson, and that there was no testimony that defendant was in any wise negligent in the operation of his car; and there was no testimony that defendant violated any law in the operation of his car; and, further, there was no testimony that the defendant failed to do anything which a reasonably prudent and careful man would have done under the same or similar circumstances; neither is there testimony that the defendant did that which a reasonably prudent and cautious man would not have done under the same or similar circumstances.

"Exception 4. In that the whole testimony showed that the death of Thompson was due to an unavoidable accident; and that the instrumentalities producing the accident, to wit, the lights on the big car blinding defendant, were not under the control of defendant."

The testimony was reasonably susceptible of the inference drawn by the jury; therefore the first, third, and fourth exceptions are overruled.

The second exception is also overruled, for the reason that the error therein assigned was not shown to be prejudicial.

Appeal dismissed.

MESSRS. JUSTICES WATTS, FRASER, COTHRAN and MARION concur.

MR. JUSTICE COTHRAN: I concur. In addition to the circumstances set forth in the "statement," the testimony tended to show that the car was being operated without headlights; that the effect of the impact indicated great speed; and that the defendant was under the influence of liquor. The inference from these facts upon the issue of negligent operation was a matter for the jury.